UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

Irving Blanco, Kevin Gregorio Martinez Garcia, and Yorkenit Jose Hernandez Mujica, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action,*

         *Plaintiffs*,

- against -

Winstar Service Inc., Kingsland Food Processing Corp., Maxsun Corporation, Thomas Lin, Johnny Song Lin, and Steven Lin,

         *Defendants*.

---------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

<u>**COMPLAINT**</u>

  Plaintiffs Irving Blanco ("Blanco"), Kevin Gregorio Martinez Garcia ("Martinez Garcia"), and Yorkenit Jose Hernandez Mujica ("Hernandez Mujica", and collectively, the "Plaintiffs") on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants Winstar Service Inc., Kingsland Food Processing Corp., Maxsun Corporation, (collectively, the "Corporate Defendants"), Thomas Lin, Johnny Song Lin, and Steven Lin (collectively, the "Individual Defendants", and with the Corporate Defendants, the "Defendants") and state as follows:

## NATURE OF THE ACTION

  1. Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

  2. Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum

1

wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF IRVING BLANCO**

6. Plaintiff Blanco was employed as a general worker at Defendants' food processing, packaging, and distribution companies from on or around January 2023 through and including March 6, 2023.

7. Plaintiff Blanco was employed as a non-managerial employee from on or around January 2023 through and including March 6, 2023.

8. At all relevant times, Plaintiff Blanco has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF KEVIN GREGORIO MARTINEZ GARCIA**

9. Plaintiff Martinez Garcia was employed as a general worker at Defendants' food

processing, packaging, and distribution companies from on or around February 27, 2023 through and including March 6, 2023.

10. Plaintiff Martinez Garcia was employed as a non-managerial employee from on or around January 2023 through and including February 27, 2023 through and including March 6, 2023.

11. At all relevant times, Plaintiff Martinez Garcia has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF YORKENIT JOSE HERNANDEZ MUJICA**

12. Plaintiff Hernandez Mujica was employed as a general worker at Defendants' food processing, packaging, and distribution companies from on or around January 2023 through and including March 6, 2023.

13. Plaintiff Hernandez Mujica was employed as a non-managerial employee from on or around January 2023 through and including March 6, 2023.

14. At all relevant times, Plaintiff Hernandez Mujica has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT WINSTAR SERVICE INC.**

15. Upon information and belief, Defendant Winstar Service Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business located at 57-11 49th Place, Maspeth, NY 11378, and an alternate address located at 3500 S. Clinton Avenue, South Plainfield, NJ 07080.

16. At all times relevant to this Complaint, Defendant Winstar Service Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

17. At all times relevant to this Complaint, Defendant Winstar Service Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

18. At all times relevant to this Complaint, Defendant Winstar Service Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT KINGSLAND FOOD PROCESSING CORP.**

19. Upon information and belief, Defendant Kingsland Food Processing Corp. is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business located at 57-11 49th Place, Maspeth, NY 11378, and an alternate address located at 3500 S. Clinton Avenue, South Plainfield, NJ 07080.

20. At all times relevant to this Complaint, Defendant Kingsland Food Processing Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

21. At all times relevant to this Complaint, Defendant Kingsland Food Processing Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

22. At all times relevant to this Complaint, Defendant Kingsland Food Processing

Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT MAXSUN CORPORATION**

23. Upon information and belief, Defendant Maxsun Corporation is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business located at 57-11 49th Place, Maspeth, NY 11378, and an alternate address located at 3500 S. Clinton Avenue, South Plainfield, NJ 07080.

24. At all times relevant to this Complaint, Defendant Maxsun Corporation: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

25. At all times relevant to this Complaint, Defendant Maxsun Corporation was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

26. At all times relevant to this Complaint, Defendant Maxsun Corporation was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT THOMAS LIN**

27. Defendant Thomas Lin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28. Defendant Thomas Lin is sued individually and in his capacity as an owner, officer

and/or agent of the Corporate Defendants.

29. Defendant Thomas Lin possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

30. Defendant Thomas Lin determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

31. At all times relevant to this Complaint, Defendant Thomas Lin was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT JOHNNY SONG LIN**

32. Defendant Johnny Song Lin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

33. Defendant Johnny Song Lin is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

34. Defendant Johnny Song Lin possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

35. Defendant Johnny Song Lin determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

36. At all times relevant to this Complaint, Defendant Johnny Song Lin was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT STEVEN LIN**

37. Defendant Steven Lin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

38. Defendant Steven Lin is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

39. Defendant Steven Lin possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

40. Defendant Steven Lin determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

41. At all times relevant to this Complaint, Defendant Steven Lin was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

42. Defendants own, operate and/or control a group of food processing, packaging, and distribution companies primarily doing business as "Winstar Services", "Kingsland Foods", and "Maxsun", located at 57-11 49th Place, Maspeth, NY 11378, and an alternate address located at 3500 S. Clinton Avenue, South Plainfield, NJ 07080.

43. The Individual Defendants possess operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

44. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the

employees.

45. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

46. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

47. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

48. Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fails to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

    b. defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating the Corporate Defendants for their own benefit as the majority shareholders;

    e. operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

f.  intermingling assets and debts of their own with the Corporate Defendants;

g.  diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

49. Upon information and belief, "Winstar Services", "Kingsland Foods", and "Maxsun" co-mingle resources, including employees, in order to complete jobs that each of them contracted for.

50. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

51. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

**FACTUAL ALLEGATIONS**

*Factual Allegations Pertaining Specifically to Plaintiff Blanco*

52. Plaintiff Blanco was an employee of Defendants.

53. Plaintiff Blanco worked as a general worker at Defendants' food processing, packaging, and distribution companies from approximately January 2023 through and including March 6, 2023.

54. From approximately January 2023 through and including February 20, 2023, Plaintiff Blanco worked six (6) days a week: from approximately 7:00 a.m. to 4:30 p.m. (*i.e.,* approximately 9.5 hours each day), for a total period of approximately 57 hours during each of the weeks, respectively.

55. From approximately February 21, 2023 through and including March 6, 2023,

Plaintiff Blanco worked six (6) days a week: from approximately 5:00 a.m. to 2:30 p.m. (*i.e.,* approximately 9.5 hours each day), for a total period of approximately 57 hours during each of the weeks, respectively.

56. From approximately January 2023 through and including March 6, 2023, Defendants paid Plaintiff Blanco a flat salary of $90 per day.

*Factual Allegations Pertaining Specifically to Plaintiff Martinez Garcia*

57. Plaintiff Martinez Garcia was an employee of Defendants.

58. Plaintiff Martinez Garcia worked as a general worker at Defendants' food processing, packaging, and distribution companies from approximately February 27, 2023 through and including March 6, 2023.

59. From approximately February 27, 2023 through and including March 6, 2023, Plaintiff Martinez Garcia worked six (6) days a week: from approximately 7:00 a.m. to 4:30 p.m. (*i.e.,* approximately 9.5 hours each day), for a total period of approximately 57 hours during each of the weeks, respectively.

60. From approximately February 27, 2023 through and including March 6, 2023, Defendants paid Plaintiff Martinez Garcia a flat salary of $90 per day.

*Factual Allegations Pertaining Specifically to Plaintiff Hernandez Mujica*

61. Plaintiff Hernandez Mujica was an employee of Defendants.

62. Plaintiff Hernandez Mujica worked as a general worker at Defendants' food processing, packaging, and distribution companies from approximately January 2023 through and including March 6, 2023.

63. From approximately January 2023 through and including March 6, 2023, Plaintiff Hernandez Mujica worked six (6) days a week: from approximately 7:00 a.m. to 4:30 p.m. (*i.e.,*

approximately 9.5 hours each day), for a total period of approximately 57 hours during each of the weeks, respectively.

64. From approximately January 2023 through and including March 6, 2023, Defendants paid Plaintiff Hernandez Mujica a flat salary of $90 per day.

*Factual Allegations Pertaining to all Plaintiffs*

65. Plaintiffs' work duties required neither discretion nor independent judgment.

66. Plaintiffs were required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

67. No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

68. Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

69. Defendants did not give any notice to Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

70. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiffs their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

71. Moreover, the breach of the obligations injured Plaintiffs by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

72. At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

73. Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to general workers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

74. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

75. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

76. Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

77. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

78. Defendants willfully and intentionally failed to compensate the Plaintiff with the

applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

79. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

80. Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

81. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

82. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

83. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

84. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

85. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

86. Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages,

liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)

87. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

88. Defendants willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

89. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

90. Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

91. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

92. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

93. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

94. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

95. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

96. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

97. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

98. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

99. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

100. Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

101. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

102. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

103. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g. awarding Plaintiffs unpaid minimum wages;

h. awarding Plaintiffs unpaid overtime wages;

i. awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

j. awarding unpaid wages under the NYLL and the New York State contract law;

k. awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

l. Awarding Plaintiff Martell compensatory, statutory, punitive and all other damages available;

m. awarding Plaintiffs pre- and post-judgment interest under the NYLL;

n. awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

o. Such other relief as this Court deems just and proper.

Dated: New York, New York
March 16, 2023

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
Joshua Levin-Epstein
Jason Mizrahi
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*